UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiffs,

               - against -

GREGORY PATCHELL NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
HSBC BANK, N.D. AS INDENTURE TRUSTEE
FOR THE REGISTERED NOTEHOLDERS OF
RENAISSANCE HOME EQUITY LOAN TRUST
2005-4, RENAISSANCE HOME EQUITY LOAN
ASSET-BACKED NOTES, SERIES 2005-4, AND
JPMORGAN CHASE BANK, N.A.,

                              Defendants.
-------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

CV 17-7414 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    **PRELIMINARY STATEMENT**

       Plaintiff United States of America (the "Government" or "Plaintiff") brings this action pursuant to 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, to recover unpaid tax liabilities against defendant Gregory Patchell ("Defendant" or "Patchell"), to enforce federal tax liens encumbering certain real property in Laurel, New York, held by Defendant (the "Property"), and to sell the Property in a judicial sale free and clear of all rights, titles, liens, claims, and interests. *See generally* Am. Compl.  In addition to Patchell, the Government has named other parties that may have or claim an interest in the Property as defendants to this action, including the New York State Department of Taxation and Finance ("NYSDTF"), HSBC Bank, N.A. as Indenture

Trustee for the Registered Noteholders of Renaissance Home Equity Loan-Asset-Backed Note, Series 2005-4 ("HSBC"), and JP Morgan Chase Bank, N.A. ("JP Morgan"). *Id.* The Government also seeks the costs it has incurred in bringing this action.

Presently before the Court, upon referral from the Honorable Arthur D. Spatt, is a motion for default judgment filed by the Government against JP Morgan based on JP Morgan's failure to answer or otherwise respond to the Government's claims. *See* May 25, 2018 Referral Order [DE 33]. Based upon the documents and information submitted by the Government, the applicable case law, and the reasons stated below, this Court respectfully recommends to Judge Spatt that the Government's motion be GRANTED.

II.   **BACKGROUND**

   A.   ***Procedural Posture***

The Government commenced this action on December 20, 2017 when it filed the initial Complaint. *See* DE 1. In that pleading, the Government named Patchell, HSBC, and NYDTF as defendants and asserted two counts/claims: (1) to reduce Patchell's unpaid tax liabilities to a judgment; and (2) to enforce tax liens against the Property. Compl. ¶¶ 6-12. In the second claim, the Government sought to have the Property sold, pursuant to a court order, free and clear of all rights, titles, claims, and interests of the parties in this case and further sought to have the proceeds distributed to such parties and lien holders in accordance with their lawful priorities. *Id.* ¶ 12.

On January 9, 2018, the Government filed an Amended Complaint. *See* Am. Compl. [DE 8]. In it, the Government asserted the same counts/claims that were contained in the initial Complaint and added JP Morgan as a defendant who has or may claim an interest in the Property. *See Id.* ¶ 5, DE 8. According to the Government's Proof of Service filed on March 19,

2018, Michael M. Zeiler, designated by law to accept service of process on behalf of JP Morgan, was served with the Summons and Amended Complaint on February 23, 2018. *See* Summons and Return of Service [DE 19]. JP Morgan's answer was due by March 16, 2018. *See id*. However, JP Morgan failed to answer or otherwise respond with respect to the Amended Complaint, and, on May 4, 2018, the Court advised that the next step was for the Government to obtain a certificate of default from the Clerk's Office. *See* May 4, 2018 Electronic Order. The Court then directed counsel for the Government to submit its motion for entry of default judgment against JP Morgan within 60 days. *See id*. Later that same day, the Government filed its Request for a Certificate of Default and served JP Morgan with a copy. *See* Request for Certificate of Default and Plaintiff's Attached Certificate of Service [DE 30]. Thereafter, the Clerk of Court noted the default in the record. *See* Clerk's Entry of Default [DE 31]. The Government filed its formal motion for entry of default judgment on May 24, 2018, seeking a judgment that JP Morgan has no right, title, claim, lien or other interest in the Property. *See* Plaintiff's Notice of Motion for Default Judgment ("Pl.'s Mot.") [32]. The motion was served on JP Morgan on May 24, 2018. *See* Certificate of Service annexed to Pl.'s Mot. On May 25, 2018, Judge Spatt referred the Government's motion to this Court for a Report and Recommendation as to whether the motion should be granted, and, if so, whether damages should be awarded. *See* May 25, 2018 Referral Order [DE 33].

      Prior to the Government's filing its motion for entry of default judgment, NYSDTF was voluntarily dismissed from this action on May 1, 2018 by stipulation of the parties. *See* May 1, 2018 Stipulation of Dismissal [DE 26]. Similarly, HSBC was voluntarily dismissed from the action on May 2, 2018. *See* May 2, 2018 Stipulation of Dismissal [DE 28].

3

A little over three months later, on September 20, 2018, the Government filed a motion to approve the Consent Judgment it had entered into with Defendant Patchell. *See* DE 34. In that document, Patchell acknowledged his liability, agreed that the tax liens could be enforced against him, consented to a judicial sale of the Property, and agreed, among other things, to make certain payments to the Government on a specific schedule. *Id.* In exchange, the Government agreed to forbear enforcement of its tax liens against the Property subject to conditions set forth in the Consent Judgment. *Id.* Judge Spatt "so ordered" the Consent Judgment on September 21, 2018. *See* DE 35.

**B.**   ***The Amended Complaint***

In the Amended Complaint, which is the operative pleading here, the Government alleged that a delegate of the Secretary of the Treasury made assessments against Defendant Patchell for federal income taxes, penalties, and interest, for the following periods and in the following amounts, which have balances due with accruals and costs as of December 18, 2017:

| Tax Period | Assessment | Assessment Type | Assessment Amount | Balance Due as of 12/18/17 |
|---|---|---|---|---|
| 12/31/2002 | 8/6/2007 | Interest for not pre-paying tax | $4,524.75 | |
| | | Tax | $135,401.00 | |
| | | Late filing penalty | $24,840.22 | |
| | | Interest | $35,974.76 | |
| | | Late Payment Penalty | $27,600 | |
| | 10/14/2013 | Interest | $60,788.05 | |
| | 4/6/2015 | Interest | $8,490.96 | |
| | 10/16/2017 | Interest | $17,390.47 | $195,743.84 |
| 12/31/2005 | 2/6/2007 | Penalty for not pre-paying tax | $178.00 | |
| | 3/12/2007 | Tax | 34,390.00 | |
| | | Penalty for not pre-paying tax | $1,779.91 | |
| | | Interest | $2,555.79 | |
| | 8/30/2010 | Fees and collection costs | $80.00 | |
| | 10/14/2013 | Interest | $13,962.99 | |
| | | Late payment penalty | $6,310.59 | |
| | 4/6/2015 | Interest | $2,530.62 | |
| | 10/16/2017 | Interest | $4,265.60 | $25,533.28 |

4

| | | | | |
|---|---|---|---|---|
| 12/31/2007 | 8/24/2009 | Tax | $11,195.00 | |
| | | Penalty for not pre-paying tax | $168.00 | |
| | | Late filing penalty | $2,130.30 | |
| | | Late payment penalty | $804.78 | |
| | | Interest | $759.65 | |
| | 10/14/2013 | Interest | $2,045.21 | |
| | | Late payment penalty | $1,562.22 | |
| | 4/6/2015 | Interest | $767.22 | |
| | 10/16/2017 | Interest | $1,692.40 | $19,532.16 |
| 12/31/2009 | 4/2/2012 | Tax | $8,451.00 | |
| | | Late filing penalty | $1,368.45 | |
| | | Late payment penalty | $729.84 | |
| | | Interest | $520.05 | |
| | 7/9/2012 | Fees and collection costs | $80.00 | |
| | 10/14/2013 | Interest | $412.33 | |
| | | Late payment penalty | $790.66 | |
| | 4/6/2015 | Interest | $452.20 | |
| | 10/16/2017 | Interest | $997.50 | $11,512.24 |
| 12/31/2011 | 7/8/2013 | Tax | $11,574.00 | |
| | | Late filing penalty | $1,559.02 | |
| | | Late payment penalty | $519.67 | |
| | | Interest | $294.49 | |
| | 8/26/2013 | Fees and collection costs | $80.00 | |
| | 4/6/2015 | Interest | $503.95 | |
| | | Late payment penalty | $1,212.58 | |
| | 10/16/2017 | Interest | $1,019.61 | $7,167.64 |
| 12/31/2013 | 3/28/2016 | Tax | $11,677.00 | |
| | | Penalty for not pre-paying tax | $80.00 | |
| | | Late filing penalty | $1,458.45 | |
| | | Late payment penalty | $777.84 | |
| | | Interest | $455.96 | |
| | 5/23/2016 | Fees and collection costs | $80.00 | |
| | 10/16/2017 | Interest | $540.12 | |
| | | Late payment penalty | $842.66 | $3,239.32 |
| 12/31/2014 | 8/24/2015 | Tax | $15,517.00 | |
| | | Late payment penalty | $217.12 | |
| | | Interest | $94.01 | |
| | 2/22/2016 | Fees and collection costs | $80.00 | |
| | 10/16/2017 | Interest | $696.40 | |
| | | Late payment penalty | $1,954.13 | $4,255.94 |
| | | **Total Due as of December 18, 2017: $266,984.42** | | |

5

Am. Compl. ¶ 7.  The Government further asserted that on or about the dates of the assessments detailed above, a delegate duly issued notices of the liabilities to, and made demand for payment upon, Patchell.  *Id.* ¶ 8.  Despite these notices and demands, the Government states that Patchell failed, neglected, or refused to pay his tax liabilities in full.  *Id.* ¶ 9.[1]

With respect to the Property — upon which the Government has sought to enforce its tax liens — the Government alleged that by deed dated August 23, 2002, Laurel Links, Ltd., a not-for profit corporation, conveyed the Property to Patchell.  *Id* ¶ 11.  The Property consists of a parcel of real property located at 3245 Laurel Trail, Laurel, New York 11948 and is more fully described as:

> All that certain plot, piece, or parcel of land, with the building and improvements thereon erected, situate, lying and being in the Hamlet of Laurel, Town of Southold, County of Suffolk and State of New York, known and designated as Lot No. 10 on a certain map entitled, "Subdivision of Laurel Links," filed in the Suffolk County Clerk's Office on November 23, 2001 as Map No. 10712.

*Id.*  In support of its claim to enforce its tax liens against the Property, the Government has contended that a delegate of the Secretary of the Treasury, in accordance with 26 U.S.C. § 6323(f), filed Notices of Federal Tax Lien ("NFTLs") for Patchell's unpaid federal tax liabilities, which were recorded with the Suffolk County Clerk's office on the following dates for the following tax periods:

---

[1] On or about September 20, 2010 Patchell requested a collection due process hearing with respect to the assessments made against him for tax years 2002, 2005, and 2007.  *See* Am. Compl. ¶ 10.  The hearing was resolved on July 9, 2011, at which time the hearing had been pending for 292 days.  *Id.*  Under 26 U.S.C. § 6330(e), the ten-year statutory periods of limitation for collection of Patchell's 2002 and 2005 income tax liabilities were tolled during the pendency of the hearing and thus extended from August 6, 2017 to May 25, 2018 and March 12, 2017 to December 29, 2017, respectively.  *Id.*  As such, Collection is timely for all tax periods at issue regardless of extensions.  *Id.*

| Tax Year | NFTL Filing Date |
|---|---|
| 2002 | August 11, 2010 |
| 20005 | August 11, 2010 |
| 2007 | August 11, 2010 |
| 2009 | June 20, 2012 |
| 2011 | August 6, 2013 |
| 2013 | May 3, 2016 |
| 2014 | February 4, 2016 |

*Id.* ¶ 12. Based upon the foregoing information, the Government asserts that it is entitled to enforce its liens upon Patchell's interest in the Property. *Id.* ¶ 13. The Government requested that (1) the Property be sold in a judicial sale free and clear of any right, title, lien, claim or interests of any of the defendants, and (2) the proceeds of the judicial sale be distributed to the Government toward satisfaction of Patchell's unpaid tax liabilities. *Id.*

As noted, Defendant Patchell signed a Consent Judgment with the Government which resolved his status in this case. The only issue remaining, therefore, is the default of JP Morgan.

### III.  LEGAL STANDARD

Fed. R. Civ. P. 55 establishes a two-step process for obtaining a judgment against the defaulting party. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, a plaintiff must obtain a notation of default indicating that a party has "failed to plead or otherwise defend." Fed. R. Civ. 55(a). Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

7

The decision to grant a motion for default judgment is left to the sound discretion of the district court.  *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) ("Rule 55(b) commits this decision to the sound discretion of the district court.") (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009)); *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.") (internal quotations omitted).

"Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-CV-2451, 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied* 560 U.S. 1080 (1993)); *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) ("A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true."). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Deckers Outdoor Corp. v. TKM Forest Hills, LLC*, No. 12-CV-5986, 2014 WL 4536715, at *4 (E.D.N.Y. Sept. 11, 2014); *Krevat*, 2014 WL 4638844, at *5.

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-CV-4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014), *adopted by* 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014) (internal quotation omitted); *Bravado Int'l Grp. Merchandising Servs.,*

*Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009).  Rather, "it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action."  *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); *see also Said v. SBS Elecs., Inc.*, No. 08-CV-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *adopted as mod. by* 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010) (stating that the fact that a complaint remains unanswered will not suffice to establish liability on its claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading").

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat*, 2014 WL 4638844, at *5 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  "These factors are: (1) 'whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.' " *Id.* (quoting *Tr. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension and Welfare Funds v. Flooring Experts, Inc. ("Flooring Experts")*, No. CV 12–6317, 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013)); *see, e.g., Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-CV02067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)).

## IV. DISCUSSION

The nature of the relief the Government seeks here regarding JP Morgan is not typically addressed in a motion for default judgment.  As the Government pointed out in its Amended Complaint, JP Morgan is named as a defendant here "because it has, or may claim, an interest in the real property upon which the United States seeks to enforce its liens."  Am. Compl. ¶ 5.  According to the Government, JP Morgan's putative claim to the Property "arises from a home equity line of credit issued to Defendant Gregory Patchell on or about March 28, 2017."  Plaintiff's Memorandum of Law in Support of Government's Motion for Default Judgment ("Pl.'s Mem.") [DE 32-1] at 3.  The Government states that it is not aware of any evidence that Patchell ever borrowed any funds under the line of credit or that any debt is outstanding.  *Id.*  Counsel for the Government adds that Patchell's attorney advised at the parties' Initial Conference that Patchell does not believe there is any outstanding debt on the line of credit.  *Id.*  The Court now analyzes the three factors set forth in *Flooring Experts* as applied to the facts and circumstances of this case.

### A. *Willfuness*

When a defendant is continually and "entirely unresponsive," defendant's failure to respond is considered willful.  *Trs. of the Pavers and Rd. Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. JREM Constr. Corp.*, No. 12-CV-3877, 2013 WL 618738 at *3 (E.D.N.Y. Jan. 28, 2013); *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008).  Thus, as to the first factor, the failure of JP Morgan to respond to the pleadings under the present facts sufficiently demonstrates willfulness.  *Eastern Sav. Bank, FSB v. Beach*, No. 13-CV-341, 2014 WL 923151, at *5 (E.D.N.Y Feb. 12, 2014), *adopted by* 2014 WL 923151

(E.D.N.Y. Mar. 10, 2014); *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007).

Here, JP Morgan was served with the Amended Complaint on February 23, 2018 (*see* Return of Service [DE 19]) and the Government's Request for a Certificate of Default on May 4, 2018 (*see* May 4, 2018 Certificate of Service accompanying Request [DE 30]). However, JP Morgan has not responded to, or appeared in, this action or requested additional time to do so. Therefore, JP Morgan's failure to respond to the Amended Complaint was willful.

**B.**     *Meritorious Defense*

The Court next considers whether JP Morgan has a meritorious defense. A defense will be considered meritorious when it is "good at law" and gives the factfinder a determination to make. *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). A meritorious defense requires a presentation of facts that, if proven during trial, would establish a complete defense. *McNulty*, 137 F.3d at 740. The Court cannot determine whether a defendant has a meritorious defense when the defendant fails to answer the Complaint. *Empire State Carpenters Welfare v. Darken Architectural Wood*, 2012 WL 194075, at *3 (E.D.N.Y. 2012). In these situations, the Court's determination weighs in favor of granting the default judgment. *See id*. In this case, JP Morgan has failed to provide an answer to the Amended Complaint. Ultimately, granting default judgment is favored and the facts set forth within the Government's Amended Complaint are admitted.

Nevertheless, the Government's allegations do not necessarily demonstrate the validity of its claims. The Government must show that these unanswered allegations establish JP Morgan's liability for each claim. *See Said v. SBS Elecs., Inc.*, 2010 WL 1265186, at *2 (E.D.N.Y. 2010). Therefore, the Court assesses whether the Government's allegations set forth within the

11

Amended Complaint assert valid claims.  The Court accepts all allegations in the Amended Complaint as true for purposes of its analysis.

The Government has a lien for taxes upon all property and rights to property belonging to any person who fails to pay taxes owed after a demand for payment is made.  *See* 26 U.S.C. § 6321.  The lien is deemed valid as against the property interest holder provided the Secretary of Treasury files notice of the lien with the designated government office in the state in which the property subject to the lien is situated.  *See* 26 U.S.C. § 6323(f).  Pursuant to 26 U.S.C. § 7403(a),

> In any case where there has been a refusal or neglect to pay any tax or to discharge any liability in respect thereof . . . the Attorney General or his delegate, at the request of the Secretary [of Treasury] may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a).  In such cases, "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."  26 U.S.C. § 7403(b).

Here, the factual allegations state that Patchell failed, neglected, or refused to pay outstanding tax liabilities for tax years 2002, 2005, 2007, 2009, 2011, 2013, and 2014, totaling $2366,984.42, and that the Government made assessments against Patchell for the unpaid taxes, penalties, and interest and demanded payment from Patchell.  Am. Compl. ¶¶ 7, 9.  The factual allegations further state that a delegate of the Secretary of Treasury filed NFTLs for Patchell's unpaid federal tax liabilities, recording them with the Suffolk County Clerk's Office, thereby establishing adequate notice of the liens under 26 U.S.C. § 6323(f).  *Id.* ¶ 12.  Based on the foregoing factors, the Government has valid liens against Patchell's property rights and interests.

The Government avers that Patchell was conveyed the Property on August 23, 2002, establishing Patchell's interest in the Property and the Government's right to enforce its liens against the Property under 26 U.S.C. § 7403(a). *Id.* ¶ 11. The Government further asserts that JP Morgan "has, or may claim, an interest" in the Property, which — under 26 U.S.C. § 7403(b) — is the basis for JP Morgan being named a party in this action. *Id.* ¶ 5. Overall, the Court finds that the Government has provided sufficient factual averments necessary to bring a claim against JP Morgan under 26 U.S.C. § 7403 to enforce the Government's tax liens against the Property.[2]

The Court may reasonably conclude from JP Morgan's default that it does not intend to claim any interest in the Property. *See U.S. v. Dougherty*, CV 15-554, 2016 WL 5112063, at * 6 (E.D.N.Y. Aug. 1, 2016) ("The Court may reasonably interpret Executive Corporation's default as evidence it claims no such lien."); *U.S. v. JP Morgan Chase Bank, N.A.*, No. 09-CV-3133, 2010 WL 6634904, at *2 (E.D.N.Y. July 6, 2010), *report and recommendation adopted by* 2011 WL 1380699 (E.D.N.Y. Mar. 25, 2011) (where interested corporate defendants, including JP Morgan Chase Bank, failed to appear and Plaintiff was not seeking any damages against them, judgment entered in favor of Plaintiff). Moreover, as the Government notes in its instant motion, JP Morgan's putative claim in the Property arises from a home equity line of credit issued to Patchell on or about March 28, 2007 and that the Government is aware of no evidence that Patchell ever borrowed any funds under the line of credit, or that any debt is outstanding. *See* Pl.'s Mem. at 3. As further noted in the Government's instant motion, Patchell advised the Court at the Initial Conference that he does not believe there to be any debt outstanding on the line of

---

[2] Significantly, the Government points out that it is *not* seeking monetary damages against JP Morgan. *See* Pl.'s Mem at 3.

credit. *Id.* The Government's well-pleaded Amended Complaint and JP Morgan's failure to present any defense to the allegations, along with the information available to the parties and the Court, indicate that JP Morgan has no meritorious defense.

### C. *Prejudice*

The final factor the Court must consider is whether the non-defaulting party would be prejudiced if the motion for entry of default judgment were to be denied. Here, denying the default judgment motions would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06–CV–14226, 2008 WL 5560868, at * 2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders*, 2003 WL 1960584, at * 3). If a default judgment is not granted, Plaintiff will have no alternative legal redress to enforce the federal tax liens on the Property. Therefore, the final factor, prejudice, has been satisfied.

### V. CONCLUSION

For the reasons set forth above, the Court respectfully recommends to Judge Spatt that Plaintiffs' motion for default judgment against JP Morgan be GRANTED.

### VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* FED. R. CIV. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will

result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon the Defendants forthwith by overnight mail and first-class mail and to file proof of such service on ECF by March 7, 2019.**

**SO ORDERED.**

Dated: Central Islip, New York
       March 4, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge