**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                     Plaintiff,            **MEMORANDUM OF DECISION & ORDER**

              -against-             2:17-cv-7414 (ADS) (AKT)

GREGORY PATCHELL, HSBC BANK, N.A. AS INDENTURE TRUSTEE FOR THE REGISTERED NOTEHOLDERS OF RENAISSANCE HOME EQUITY LOAN TRUST 2005-4, RENAISSANCE HOME EQUITY LOAN ASSET-BACKED NOTES, SERIES 2005-4, and JPMORGAN CHASE BANK, N.A.,

                    Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**United States Department of Justice, Tax Division**
*Attorneys for the Plaintiff*
P.O. Box 55
Benjamin Franklin Station
Washington, D.C. 20044
       By:    Stephanie W. Chernoff, Trial Attorney, Washington, DC.

**Richard H. Champion**
*Attorney for the Plaintiff*
251 Westwood Avenue
Long Branch, NJ 07740
       By:    Richard H. Champion, Esq.

**McGlinchey Stafford**
*Attorneys for Defendant HSBC Bank, N.A.*,
112 West 34th Street, Suite 1515
New York, NY 10120
       By:    Dana Marie Carrera, Esq., Of Counsel.

**SPATT, District Judge**:

**I.    BACKGROUND**

    The Court presumes familiarity with the factual and procedural background of this case.

However, by way of a review, the plaintiff the United States (the "Plaintiff") brought an action pursuant to 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury and at the discretion of the Attorney General of the United States, to recover unpaid tax liabilities against defendant Gregory Patchell; to enforce federal tax liens against Patchell's real property in Laurel, New York; and, to sell the property in a judicial sale free and clear of all rights, titles, liens, claims, and interests. ECF 8. The Plaintiff brought this action against Patchell as well as other parties who might have had an interest in the Plaintiff's property: The New York State Department of Taxation and Finance ("NYSDTF"); HSBC Bank, N.A. ("HSBC"); and JP Morgan Chase Bank, N.A. ("JP Morgan"). *Id.*

In March 2018, the Plaintiff reached an agreement with Defendant HSBC that it would not be held in default; not be required to answer; and, not need to participate in the action. ECF 17. In May 2018, the Plaintiff voluntarily dismissed the complaint as to Defendant NYSDTF, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 41(a)(1)(A)(ii). ECF 26.

Patchell answered the amended complaint in March 2018. ECF 15. In September 2018, the Plaintiff and Patchell informed the Court that they had reached a settlement. ECF 34. On September 21, 2018, the Court entered the parties' proposed consent judgment. ECF 35.

JP Morgan failed to answer the amended complaint. On May 4, 2018, the Plaintiff requested a certificate of default against JP Morgan, and the Clerk of Court entered a default against JP Morgan the same day, pursuant to FED. R. CIV. P. 55(a). ECF 30, 31. On May 24, 2018, the Plaintiff moved for a default judgment against JP Morgan. ECF 32. The Court referred the motion to United States Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded. ECF 33.

On March 5, 2019, Judge Tomlinson issued the Report and Recommendation ("R&R"), recommending that the Court grant the default judgment motion. ECF 36 at 14. Judge Tomlinson ordered the Plaintiff to serve a copy of the R&R on JP Morgan by overnight mail and first-class mail, and to file proof of such service by March 7, 2019. *Id.* at 15.

The Plaintiff failed to comply with Judge Tomlinson's service order. The Court issued two orders—on March 8 and March 19—directing the Plaintiff to serve the R&R. ECF 3/8/19 and 3/19/19 entries. In the March 19 order, the Court warned the Plaintiff that failure to comply would result in a dismissal of the action. ECF 3/19/19 entry. On March 22, 2019, after the Plaintiff still had not served the R&R, the Court issued an order dismissing the case for failure to comply with a court order, pursuant to FED. R. CIV. P. 41(b).

On March 26, 2019, the Plaintiff moved for reconsideration. That motion is unopposed, and is now pending before the Court.

## II. DISCUSSION

### A. The Legal Standard For a Motion for Reconsideration

FED. R. CIV. P. 54(b) provides that a court is permitted "at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties," to revise "any order or other form of decision." FED. R. CIV. P. 54(b). Local Rule 6.3 sets forth this District's procedural rules with respect to reconsideration motions.

A motion for reconsideration is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order. *See* Local Civ. Rule 6.3. The grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct manifest injustice." *Virgin Atl. Airways, LTD v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

The standard for reconsideration is both strict and discretionary. *See, e.g.*, *Sec. & Exch. Comm'n v. Callahan*, No. 12-CV-1065, 2016 WL 11499455, at *1 (E.D.N.Y. Oct. 4, 2016) (Spatt, *J.*). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

### B. The Legal Standard For Dismissal under Rule 41(b)

FED. R. CIV. P. 41(b) provides the following with regard to a dismissal for failure to comply with a court order:

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal states otherwise, a dismissal under subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b); *see Terry v. Inc. Vill. of Patchogue*, No. 05-CV-3398, 2010 WL 1993871, at *2 (E.D.N.Y. May 18, 2010). Courts interpret Rule 41(b) as giving them inherent power to *sua sponte* dismiss an action for lack of prosecution. *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

A Rule 41 dismissal is a harsh remedy that Courts should apply only in extreme situations. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[A] district court contemplating dismissing a plaintiff's case, under Rule 41(b) for failure to prosecute must consider: '[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between

4

alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.'" *Terry*, 2010 WL 1993871, at *2 (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive, and a court must review the record as a whole. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

### C. Application to the Facts of This Case

The Plaintiff, in an unopposed reconsideration motion, offers a reason for its failure to comply with Judge Tomlinson's service order. The Plaintiff claims that Stephanie Chernoff—the attorney assigned to the case—went on maternity leave in January 2019, a few months before Judge Tomlinson issued the R&R. ECF 37 at 2. The Plaintiff further alleges that "[b]ased on the posture of the case at the time of her departure and the nature of the relief sought against [JP Morgan], Ms. Chernoff did not have the case assigned to another attorney in her absence, a decision we now realize was in error." *Id.* at 2–3. The Plaintiff further alleges that Chernoff did not note the Court's orders directing it to serve a copy of the R&R. *Id.* at 3. The Plaintiff asks that the Court reconsider its Rule 41(b) dismissal, and permit the Plaintiff 48 hours to serve the R&R and submit proof on ECF. *Id.* The Court agrees.

The Rule 41(b) factors favor granting reconsideration. The first factor—the duration of the Plaintiff's failures—contains two sub-factors: "(1) whether the failure to prosecute was caused by Plaintiff's side as a whole; and (2) whether the failure to prosecute was of significant delay." 239 F.3d at 255. Here, as the Plaintiff notes in its reconsideration motion, the Plaintiff bears the full responsibility for its failure to prosecute. *See Terry* 2010 WL 1993871, at *3 ("Plaintiff admits that he was preoccupied with raising his sunken houseboat and did not return his attorney's telephone messages requesting further revisions or a final verification of the

5

complaint."). The delay caused by this failure amounted to 17 days, the time between the March 5 R&R and the March 22 order dismissing the case. *See, e.g.*, *id.* ("Since the delay in this case was only forty-two days, this factor weighs against dismissal."). In the Second Circuit, no specific period of inactivity necessitates dismissal for failure to prosecute, though most cases have ruled that this period usually lasts multiple months. *See Coach, Inc. v. O'Brien*, No. 10-Civ-6071, 2012 WL 1255276, at *9 (S.D.N.Y. Apr. 13, 2012) ("O'Brien's failure to engage in discovery and comply with Court orders spans several months, and qualifies as an amount of time sufficient to warrant entry of a default judgment."); *In re Air Crash Disaster Off the Coast of Nantucket Island, Mass. On Oct. 31, 1999*, No. MD-00-1344, 2010 WL 1221401, at *7 (E.D.N.Y. Mar. 29, 2010) (a delay between five and ten months proper for dismissal).

The second factor is not favorable to the Plaintiff, because it was warned that failure to comply with Judge Tomlinson's service order would result in a dismissal. *See Kuruwa v. Meyers*, 823 F. Supp. 2d 253, 255 n.2 (S.D.N.Y. 2011). As to the third factor, there is nothing to suggest that granting reconsideration would prejudice JP Morgan, which has yet to make an appearance in the action, let alone oppose the Plaintiff's reconsideration motion.

The fourth factor requires "compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No such evidence is before the Court; thus, this factor favors granting reconsideration. In addition, "plaintiff's due process right to be heard would be harmed if this action were dismissed." *See Terry*, 2010 WL 1993871, at *4.

Under the fifth factor, the Court considers the adequacy of a lesser sanction, taking into consideration whether the Plaintiff or Plaintiff's counsel caused the delay. *See id.* (citing *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996) and *Bonda Indus. (HK) Co. v. Talbot Grp., LLC,* No.

6

08-Civ-5507, 2009 WL 159267, at *7 (S.D.N.Y. Jan 22, 2009) ("sanctioning lawyers directly might be a more appropriate sanction where the delay is occasioned by plaintiff's counsel's disregard of their obligations rather than by plaintiff's own behavior or strategy."). Here, the Court did not consider lesser sanctions before dismissing the case, although the Plaintiff's reconsideration motion marks the first time that the Court has learned that the Plaintiff's noncompliance stems from counsel's error. This information serves as new evidence sufficient to alter the Court's conclusion on dismissing the action. *See Shrader*, 70 F.3d at 257.

Accordingly, the Court grants the Plaintiff's reconsideration motion. Pursuant to their request, the Court also permits the Plaintiff 48 hours to make personal service of the R&R on the Defendants in this case and submit proof of service on ECF.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Plaintiff's motion pursuant to Local Civil Rule 6.3 and/or FED. R. CIV. P. 54(b) for reconsideration reinstating the Plaintiff's action. The Plaintiff will have 48 hours from the date of entry of this opinion to serve the R&R on the Defendants, and to file proof of service on ECF.

It is **SO ORDERED**.

    /s/ Artur D. Spatt                                        January 22, 2020

    Arthur D. Spatt, U.S.D.J.                                         Date