FILED
CLERK

2:58 pm, Apr 24, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,　　　　ADOPTION ORDER
　　　　　　　　　　　　　　　　　　　　　2:17-cv-7414 (ADS) (AKT)
       -against-

GREGORY PATCHELL, HSBC BANK, N.A.
AS INDENTURE TRUSTEE FOR THE
REGISTERED NOTEHOLDERS OF
RENAISSANCE HOME EQUITY LOAN
TRUST 2005-4, RENAISSANCE HOME
EQUITY LOAN ASSET-BACKED NOTES,
SERIES 2005-4, and JPMORGAN CHASE
BANK, N.A.,

                      Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**United States Department of Justice, Tax Division**
*Attorneys for the Plaintiff*
P.O. Box 55
Benjamin Franklin Station
Washington, D.C. 20044
       By:   Stephanie W. Chernoff, Trial Attorney, Washington, DC.,
              Marie Wicks, Trial Attorney, Washington D.C.

**Richard H. Champion**
*Attorney for the Plaintiff*
251 Westwood Avenue
Long Branch, NJ 07740
       By:   Richard H. Champion, Esq.

**McGlinchey Stafford**
*Attorneys for Defendant HSBC Bank, N.A.*,
112 West 34th Street, Suite 1515
New York, NY 10120
       By:   Dana Marie Carrera, Esq., Of Counsel.

**SPATT, District Judge**:

In December 2017, the plaintiff the United States (the "Plaintiff") brought an action pursuant to 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury and at the discretion of the Attorney General of the United States, to recover unpaid tax liabilities against defendant Gregory Patchell; to enforce federal tax liens against Patchell's real property in Laurel, New York; and, to sell the property in a judicial sale free and clear of all rights, titles, liens, claims, and interests. ECF 8. The Plaintiff brought this action against Patchell as well as other parties who might have had an interest in the Plaintiff's property: The New York State Department of Taxation and Finance ("NYSDTF"); HSBC Bank, N.A. ("HSBC"); and JP Morgan Chase Bank, N.A. ("JP Morgan"). *Id.*

In March 2018, the Plaintiff reached an agreement with Defendant HSBC that it would not be held in default; not be required to answer; and, not need to participate in the action. ECF 17. In May 2018, the Plaintiff voluntarily dismissed the complaint as to Defendant NYSDTF, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 41(a)(1)(A)(ii). ECF 26.

Patchell answered the amended complaint in March 2018. ECF 15. In September 2018, the Plaintiff and Patchell informed the Court that they had reached a settlement. ECF 34. On September 21, 2018, the Court entered the parties' proposed consent judgment. ECF 35.

JP Morgan failed to answer the amended complaint. On May 4, 2018, the Plaintiff requested a certificate of default against JP Morgan, and the Clerk of Court entered a default against JP Morgan the same day, pursuant to FED. R. CIV. P. 55(a). ECF 30, 31. On May 24, 2018, the Plaintiff moved for a default judgment against JP Morgan. ECF 32. The Court referred the motion to United States Magistrate Judge A. Kathleen Tomlinson for a Report and

2

Recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded. ECF 33.

On March 5, 2019, Judge Tomlinson issued the Report and Recommendation ("R&R"), recommending that the Court grant the default judgment motion. ECF 36 at 14. Judge Tomlinson ordered the Plaintiff to serve a copy of the R&R on JP Morgan by overnight mail and first-class mail, and to file proof of such service by March 7, 2019. *Id.* at 15.

The Plaintiff failed to comply with Judge Tomlinson's service order. The Court issued two orders—on March 8 and March 19—directing the Plaintiff to serve the R&R. ECF 3/8/19 and 3/19/19 entries. In the March 19 order, the Court warned the Plaintiff that failure to comply would result in a dismissal of the action. ECF 3/19/19 entry. On March 22, 2019, after the Plaintiff still had not served the R&R, the Court issued an order dismissing the case for failure to comply with a court order, pursuant to FED. R. CIV. P. 41(b). ECF 3/22/2019 entry.

The Plaintiff moved for reconsideration. ECF 37. The Court granted that motion on January 22, 2020, giving the Plaintiff 48 hours to serve the R&R on the defendants and file proof of service on ECF. ECF 38. The Plaintiff complied with that order, filing proof of service of the R&R on January 23, 2020. ECF 39.

It has been more than fourteen days since the service of the R&R. The parties have not filed objections. As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the R&R for clear error, and, finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346 at *1 (reviewing R&R without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Court awards the Plaintiffs the amount recommended in the R&R.

The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated:   Central Islip, New York                              /s/ Arthur D. Spatt

   April 24, 2020                                              ARTHUR D. SPATT

                                                            United States District Judge